Dear Representative Odinet:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask for an interpretation of Act No. 191 of the 2004 Regular Legislative Session which amends and/or reenacts Louisiana Revised Statutes6:965, 6:966 and 6:966.1. This act changes Louisiana law by permitting repossession of motor vehicles upon default without further notice or judicial process.
The primary concern you expressed is how to determine if Louisiana law applies when security agreements are executed in other states. According to La.R.S. 6:965(D),
 Beginning on or after January 1, 2005, the secured party seeking to utilize the remedies provided herein shall
include the following in its security agreement:
 "Louisiana law permits repossession of motor vehicles without judicial process." (Emphasis added).
Since the word "shall" is included, it means that it is mandatory that the statement be used in any security agreement seeking to utilize the new remedies for repossession of motor vehicles. No distinction is made between in-state and out-of-state secured creditors, so this requirement applies to all secured creditors who wish to avail themselves of the new remedies.
It should be noted that La.R.S. 6:966(C) specifies that the new law may be utilized only by 1) financial institutions chartered under the laws of the state of Louisiana, another state or the United States; 2) persons licensed or regulated as lenders by the commissioner of financial institutions pursuant to the Louisiana Consumer Credit Law, La.R.S. 9:3510 et seq.; and 3) persons licensed or regulated as lenders by the Louisiana Motor Vehicle Commission pursuant to the Louisiana Motor Vehicle Sales Finance Act, La.R.S. 6:961.1, et seq.
The Louisiana Motor Vehicle Sales Finance Act, La.R.S. 6:961.1 et seq. allows the parties to a motor vehicle credit transaction to agree that the law of the place where the motor vehicle credit transaction is entered into or the law of the residence of the consumer applies. This means that motor vehicle credit transactions in Louisiana or in other states may not be in accordance with the new law and that the new repossession remedies could not be utilized. In these cases, terms of the security agreement would designate which law applies.
It should also be noted that in the Louisiana Motor Vehicle Sales Finance Act, La.R.S. 6:969.3 describes exclusions to that Act. Among these exclusions are credit transactions by federally and state-chartered credit unions to their members. A number of entities and types of credit transactions are excluded and are as follows:
§ 969.3 Exclusions
 A. Except as provided in Subsection B of this Section, this Chapter does not apply to any of the following:
 (1) Extensions of credit to business entities, including government or governmental agencies or instrumentalities.
 (2) Extensions of credit primarily for business, commercial, or agricultural purposes.
 (3) Open-end credit transactions, including without limitation, revolving loan and lender credit card transactions that may involve the secured purchase money financing of a motor vehicle.
 (4) Consumer credit transactions subject to the Louisiana Consumer Credit Law, R.S. 9:3510 et seq.
 (5) Credit transactions by federally and state-chartered credit unions to their members.
 (6) Federally related mortgage loans subject to R.S. 9:3503 et seq. and 12 U.S.C. 1735F(7).
 B. All persons financing the purchase or acquisition of a motor vehicle, irrespective of whether the transaction otherwise is subject to this chapter, shall comply with the requirements of R.S. 32:1251 et seq. and the rules and regulations of the Louisiana Motor Vehicle Commission pertaining to advertising.
As is apparent from reading the list above, a number ofentities and types of credit transactions are excluded from theLouisiana Motor Vehicle Sales Finance Act and so are alsoexcluded from the provisions of the new repossession remedies.If a creditor is not one of the other entities listed in La.R.S. 6:966(C),it cannot utilize the new motor vehicle repossession law.
 We trust your questions have been answered. However, if youshould need anything further do not hesitate to contact thisoffice.
 Very truly yours,
 CHARLES C. FOTI, JR ATTORNEY GENERAL
 BY: _________________________ Frances J. Pitman Assistant Attorney General
CCF, Jr.:FJP:sc